HIRAM G. CALL *versus* CHARLES B. FOSTER *& al.*

If an officer intentionally include in the penal sum of the bond of an execution debtor an illegal item of fees, the bond will be valid only at the common law, notwithstanding the officer designed to take a bond as provided by the statute,—the error in such case arises merely from the officer's ignorance of the law and his duty; and was not caused by "mistake or accident," within the meaning of the statute.

In a suit on such bond, the creditor will be entitled only to the actual damage he has sustained, where there has been no attempt to perform either of its alternative conditions.

When a case has been reported to the full Court, if the plaintiff subsequently discharge the suit, and the validity of the discharge is controverted, that Court may properly remit the case to the county court, to enable the parties to plead and to try the issue raised on the pleadings.

REPORTED from *Nisi Prius,* GOODENOW, J., presiding. THIS was an action of DEBT upon a poor debtor's bond.

*J. S. Abbott,* for the plaintiff.

*Tallman & Larrabee,* for the defendants.

. The facts sufficiently appear from the opinion of the Court, which was drawn up by

· KENT, J.—The question which the parties seem to have submitted to the Court, in the report of the case is, whether the poor debtor's bond in suit was a statute or common law bond. It seems to be according to the statute, except in the penal sum. The bond is in the case, and in the condition the various items are stated, which make up the sum on which the penalty is based. One of the items is, "officer's fees taxed at seven dollars and fourteen cents." On the margin all the items are separately stated, viz., debt, interest, execution, service, dollarage and travel; and these sums are added together and the total multiplied by two, and that sum is the sum named as the penalty. This sufficiently shows that the sum named in the body of the bond as officer's fees, was made up of the three charges on the

margin, viz., service, ,50, travel, 1,00, and dollarage, 5,64. Total, $7,14.

The charge for "dollarage," or commission, was clearly illegal and unauthorized. R. S., c. 114, § 5. The penal sum was not double the legal claim.

The bond is not therefore, on these facts, a statute bond. *Ross* v. *Berry, ante,* p. 434. The evidence offered by the plaintiff, to show that the error was occasioned by "accident or mistake," is contained in the deposition of the officer who took the bond. He states that he *intended* to take the bond in double the amount for which the debtor was arrested, and that *if* there is any variance or error in this respect, it was wholly owing to accident and unintentional mistake. The evidence we do not deem sufficient. Mere ignorance of the law and his duty is not enough. If it were, then all possible errors might be covered. The testimony is too general, and amounts only to this—that, *if* there is an error, he did not intend to commit it. We think that where the charge is intentionally made of an illegal item, there should be definite proof, as to that item, of facts or circumstances which clearly show that it was made unintentionally, or by some mistake of fact, or miscalculation—as decided in *Ross* v. *Berry, ante,* p. 434, before referred to.

This is not then a statute bond, but is good at common law, and subject to chancery. We have no evidence on the question of damages from either party. We judge, from the report of the case, that it was the intention of the parties to submit the case to the law Court on the question of law stated, and for that Court to give the usual direction as to the ascertainment of damages. It is desirable that counsel should be particular in the statement of their agreements as to the action of the Court on the case. This case as stated is, that the action was on a poor debtor's bond; that the defence is, "that the bond is not a statute bond, and, if valid, is good only as a common law bond." The deposition of the officer who took the bond is the only evidence alluded to. The parties agree to submit the case upon the

foregoing statement, to the decision of the law Court. We must conclude that it was in the contemplation of the parties that a hearing should be had on the question of actual damages, if the law Court should determine that the bond was only good at the common law, as there is no evidence before us except that in relation to the execution of the bond.

The defendants have furnished the law Court what purports to be a copy of a discharge of the original judgment and execution, given by the plaintiff on the record, since the case was reported to the law Court. The plaintiff has also furnished us with a paper purporting to be a copy of an assignment by the plaintiff, made prior to the trial at *Nisi Prius*, with the affidavit of the plaintiff in relation to giving the discharge to defendants. There is also the denial of the execution of the discharge; and that, if given, it is a qualified release; and that defendants knew of the former assignment. These papers present no issue or matter for the action or determination of the law Court.

But, whenever a discharge or release is given, after the case is carried to the law Court, it may be proper to present the *prima facie* evidence to that Court. If the discharge or release is denied, or its validity disputed, it may be proper, in the discretion of the Court, to send the case back to the county court, to enable the parties to plead, and to try the issue raised on the pleadings.

This case must be remitted to the county court, with leave for the defendants (if they see fit) to plead a release or discharge. If they do not, defendants to be defaulted and judgment to be rendered, as on a common law bond, for such damages as the Judge at *Nisi Prius* shall determine.

TENNEY, C. J., RICE, MAY and GOODENOW, JJ., concurred.